**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DERIEON THOMAS**, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 22 C 2026 |
| | ) |
| **TOM DART, SGT. SURANE,** | **)** Judge Steven C. Seeger |
| **SGT. PHILLIPS,** | ) |
| | **)** |
| *Defendants.* | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COME Defendants, Sgt. Surane, and Sgt. Phillips, (collectively, "Defendants"), through their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney, Krystal Gonzalez, and in answer to Plaintiff's Complaint state as follows:

1.      On 2/27/22 I was housed in Division 9 1G cell 1088.

**Answer: Defendants admit the allegations in paragraph 1.**

2.      At approximately 12:45p.m., the cell I has in did not have properly running water.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 2, and therefore deny.**

3.      I noticed C.O.'s about the water situation.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 3, and therefore deny.**

4.      I did not have any drinking water until the next day when the plumber came to fix another cell plumbing problem.  I convinced him to fix mines.  Within the same hour the plumber left the water was back not working.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 4, and therefore deny.**

5.      The plumber came again on 3/1/2022 and tried to fix it again but it did not work.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 5, and therefore deny.**

6.      I notice Sgt. Phillips about my water not being able to work she stated "I'll put another work order in."

**Answer: Defendants deny the allegations in paragraph 6.**

7.      I ask every C.O. that worked the tier can I come out to get water out of the fountain they stated to me "you can come of your cell for dayroom time."

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 7, and therefore deny.**

8.      I only come out my cell once a day for a hour, I only drink water once a day.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 8, and therefore deny.**

9.      On 3/4/2022 I had court via ZOOM I talked to Sgt. Surane about no living condition and asked can I be move to a cell with running water he stated to me "since your toilet works you can not be moved."

**Answer: Defendants deny the allegations in paragraph 9.**

10.     So I had to suffer for days without running water in my cell.

**Answer: Defendants deny the allegations in paragraph 10.**

11.     On 3/4/22022 C.O Guzman and C.O Roman around 9:32 p.m.  let me and my cellmate out to fill up plastic bags from our lunch/breakfast tray with water to drink while here in

2

the cell.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 11, and therefore deny.**

12.     The next morning when the breakfast trays were being passed out the same two C.O's filled up plastic bags with water and brought it here to our cells to drink.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 12, and therefore deny.**

13.     On 3/10/2022 C.O. Roman and C.O. Guzman let me out to fill up plastic bags with water around 9:45 p.m.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 13, and therefore deny.**

14.     Let it be noted that these are the only C.O's that let me do this just to drink water.

**Answer: Defendants lack knowledge or information sufficient to form a belief regarding the allegations paragraph 14, and therefore deny.**

15.     Other C.O's told me "This what happens to people who come to the hole" Most of the C.O.'s ignored my cries for water. Which caused me to be down, hopeless, dehydrated, helpless and emotionally distraught.

**Answer: Defendants deny the allegations in paragraph 15.**

16.     Everyday I had to live through these inhumane living condition while I serve my time in seg.

**Answer: Defendants deny the allegations in paragraph 16.**

17.     I will like something dome about my pain and suffering to stop this from happening to others.

**Answer: This allegation sets forth legal conclusions and questions of law to which no response is required. To the extent that an answer is required Defendants deny the allegations in paragraph 17.**

## RELIEF

I will like to receive compensatory damages, nominal damages and punitive damages.

**Answer: Defendants make no answer to this paragraph as it is a prayer for relief and makes no allegations.**

## AFFIRMATIVE DEFENSES

Defendants submit the following affirmative defenses. Defendants reserve the right to assert additional affirmative defenses.

### I.      Exhaustion of Remedies

1.      Under Section 1997e(a) of the Prisoner Litigation Reform Act (the "PLRA"), Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

2.      According to the Rules and Regulations of the Cook County Jail, also identified in the Inmate Handbook, inmates must follow the grievance procedure to exhaust administrative remedies.

3.      Plaintiff has not exhausted his administrative remedies as the PLRA requires. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

### II.  Prison Litigation Reform Act: Physical Injury requirement

4.      Under the PLRA, a person confined in jail cannot file a federal civil action for mental or emotional injury suffered during custody "without a prior showing of physical injury." 42 U.S.C. §1997e(e). A plaintiff cannot bring suit without a physical injury greater than *de*

*minimis.* 42 U.S.C. §1997e(e), (h).  Without a showing of physical injury, a detainee cannot bring an action for damages. *Zehner v. Trigg*, 133 F. 3d 459, 461 (7th Cir. 1997).  Plaintiff has no physical injury under the PLRA.  As such, Plaintiff is not entitled to any compensatory damages for alleged emotional or mental injury.

### III.  Failure to Mitigate

5.      Without waiving Defendants' denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, 2009 U.S. Dist. LEXIS 15792, *23–24, 2009 WL 528307 (N.D. Ill. Feb. 25, 2009).  Without waiving Defendants' denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendants, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced for his failure to mitigate.

### IV.     Qualified Immunity

6.      Defendants did not violate Plaintiff's clearly established constitutional or federally protected rights, so Defendants are entitled to qualified immunity.

### JURY DEMAND

Defendants respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendants, Sgt. Surane, and Sgt. Phillips, deny that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendants pray that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of Plaintiff's Complaint and further request that this Honorable Court grant judgment of the Defendant's fees, costs and such other relief that this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Krystal R. Gonzalez*
Krystal R. Gonzalez
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-8132

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 22, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

**Derieon Thomas**                                                    */s/ Krystal R. Gonzalez*
20180815131                                                              Krystal R. Gonzalez
CHICAGO
Cook County Jail
2700 S. California Ave.
CHICAGO, IL 60608