# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DERIEON THOMAS**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 22 C 2026 |
| | ) | |
| **TOM DART, SGT. SURANE,** | ) | Judge Steven C. Seeger |
| **SGT. PHILLIPS,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT SHERIFF DART'S MOTION TO
## DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. R. 12

Defendant, Thomas Dart, Sheriff of Cook County, Illinois, ("Defendant Sheriff Dart"), by and through his attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her assistant state's attorney, Krystal R. Gonzalez, pursuant to Federal Rules of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant Sheriff Dart state as follows:

## INTRODUCTION

On May 16, 2022, Plaintiff, Derieon Thomas, ("Plaintiff") filed his *pro se* Complaint. (Dkt. 7.) As explained below, Defendant Sheriff Dart requests that this Court dismiss all claims against him based on Plaintiff's failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a claim if the Plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P.12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), "we must accept as true

all the plaintiff's well pleaded factual allegations and the interferences reasonably drawn from them. (*Id.* at 1521). To survive a Rule 12 (b)(6) motion to dismiss, the claim first must comply with Rule 8 (a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Second, its allegations must plausibly suggest that the Defendant has a right to relief, raising that possibility above a "speculative level", if they do not, the plaintiff pleads itself out of court. *EEOC v. Concentra Health Services*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. 544).

A claim for relief is plausible if the well-pleaded facts allow the Court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And although the Court treats as true all of the facts alleged in the complaint and draws all reasonable inferences from them in the Plaintiff's favor, the Court need not accept those legal conclusions couched as factual allegations. *Id.* at 1949-50. Furthermore, a court is not "required to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Floria v. Checkers, Simon & Rosner* 32 F.3d 27, 281 (7th Cir. 1994) (citations omitted); *see also Hollander v. Brown*, 457 F.2d 688, 691 n.1 (7th Cir. 2006) (dismissal for failure to state a claim may be appropriate where plaintiff pleads facts establishing that his claims are time barred.)

## **ARGUMENT**

### I. **Plaintiff's individual capacity claims against Defendant Sheriff Dart should be dismissed because there are no allegations against him.**

Officials face no individual liability under section 1983 unless they were personally involved in depriving a plaintiff of his or her constitutional rights. *See Williams v. Shah*, 927 F.3d

476, 482 (7th Cir. 2019) (citations omitted); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quoting *Ashcroft*, 556 U.S. at 677) (noting that "[f]or constitutional violations under § 1983 or Bivens, a government official "is only liable for his or her own misconduct." To recover damages against a supervisory official, a plaintiff "may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citation omitted); *see also Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009) ("The assumption underlying this choice of defendants – that anyone who knew or should have known of his eye condition, and everyone higher up the bureaucratic chain, must be liable – is a bad one.").

Only a substantial risk of harm is enough to put a supervisory official on notice. *Eason v. Pritzker*, 2020 U.S. Dist. LEXIS 215779, *11 (N.D. Ill. Nov 18, 2020). Supervisory officials cannot "realistically be expected to be personally involved in resolving a situation pertaining to a particular inmate unless it were of the gravest nature." *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *see also Perkins v. Williams*, 2018 U.S. Dist. LEXIS 6990, at *10-12 (N.D. Jan. 17, 2018) (noting that high-level officials "cannot be expected, even with the inference allowed by Antonelli" to know about conditions affecting a specific cell or shower).

True, a high-ranking official "can be expected to have personal responsibility" for "systemic violations." *Antonelli*, 81 F.3d at 1429. "A systemic violation means a general prison condition that affects a widespread group of inmates" *Eason*, 2020 U.S. Dist. LEXIS 215779, *12; *see also Byron v. Dart*, 825 F. Supp. 2d 958, 963-64 (N.D. Ill. 2011). Such examples include the following: tampering with the mail system, restrictions on library access, inadequate recreation or nutrition, vermin infestations, and extreme hot or cold temperatures. *See Antoneilli*, 81 F.3d at 1426-27, 1429.

Here, the Complaint—outside of the caption and list of defendants—fails to mention Defendant Sheriff Dart anywhere in the allegations. (Dkt. 7.) Moreover, the 1915A order does not identify whether Defendant Sheriff Dart is a defendant in his individual, official or supervisory capacity. (Dkt. 11.) The Seventh Circuit has consistently held that a "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kilbort*, 143 F.3d 331, 334 (7th Cir. 1998); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Even accepting as true all well-pleaded facts and drawing all reasonable inferences in Plaintiff's favor, Plaintiff still has not plead sufficient facts against Defendant Sheriff Dart. "[F]or the purposes of a motion to dismiss, a warden cannot be assumed to be directly involved in day-to-day operations." *Steidl v. Gramley*, 151 F.3d 739, 741-42 (7th Cir. 1998); *see also Fisher v. Sheahan*, 2001 U.S. Dist. LEXIS 25790, **5-6 (N.D. Ill. Aug 30, 2001) (noting that the "[p]laintiff may feel that defendant Sheahan 'should have known' about the problem with homemade knives generally, but even such knowledge is insufficient to state a claim against him."). Here, in addition to not having any specific allegations against Defendant Sheriff Dart, Plaintiff has also failed to allege that the violation of his constitutional rights occurred at Defendant Sheriff Dart's direction or with Defendant Sheriff Dart's knowledge or consent. Thus, all claims against Defendant Sheriff Dart should be dismissed. *See Fisher*, 2001 U.S. Dist. LEXIS 25790, *6 (finding that plaintiff failed to allege that the violation of his rights occurred at the defendant's direction or with his knowledge or consent and therefore all claims against the defendant were dismissed). Lastly, no inference can be drawn that this was a systemic issue at Cook County Jail as Plaintiff has only

4

including allegations about his specific cell and the issue with running water pertaining to his singular cell . *See Antonelli*, 81 F.3d at 1426-27, 1429. Accordingly, Defendant Sheriff Dart should be dismissed as a party in this lawsuit.

**II.**    **Plaintiff's official capacity claims against Defendant Sheriff Dart should be dismissed.**

Plaintiffs may sue municipalities under 42 U.S.C. § 1983 when their actions violate the Constitution. *See generally Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). To prevail on a *Monell* claim, plaintiffs must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the municipality's action and the deprivation of federal rights. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

**A.**    **Plaintiff's official capacity claims against Defendant Sheriff Dart should be dismissed with prejudice because the allegations against him do not rise to the level of a constitutional violation.**

Plaintiff must first establish a violation of a constitutional right. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff asserts no allegations against Defendant Sheriff Dart in his Complaint and therefore, any claims construed as official capacity claims and/or *Monell* claims should be dismissed.

### B. Plaintiff fails to allege the remaining elements of a *Monell* claim.

Once a Section 1983 plaintiff shows that he was deprived of a federal right, he must then trace the deprivation to some municipal action (i.e., a "policy or custom"), such that the challenged conduct is "properly attributable to the municipality itself." *First Midwest Bank ex rel. LaPorta v. City of Chi.*, 988 F.3d 978, 986 (7th Cir. 2021). There are at least three types of municipal action that may give rise to municipal liability under Section 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

Next, the plaintiff must show that "the policy or custom demonstrates municipal fault," i.e., deliberate indifference. *LaPorta*, 988 F.3d at 986. "This is a high bar." *Id.* at 987. If a municipality's action is not facially unconstitutional, the plaintiff "must prove that it was obvious that the municipality's action would lead to constitutional violations and that the municipality consciously disregarded those consequences." *Id.* Finally, the plaintiff must show that the municipal action was "the 'moving force' behind the federal-rights violation." *Id.* (quoting *Brown*, 520 U.S. at 404). This "rigorous causation standard" requires "a 'direct causal link' between the challenged municipal action and the violation of [the plaintiff's] constitutional rights." *Id.* (quoting *Brown*, 520 U.S. at 404). "In short, a *Monell* plaintiff must show that some municipal action directly caused him to suffer a deprivation of a federal right, and that the municipality took the

action with conscious disregard for the known or obvious risk of the deprivation." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 236 (7th Cir. 2021). Moreover, the mere existence or possibility of other, better policies which may have been used is insufficient to prove deliberate indifference. *Frake v. City of Chi.*, 210 F.3d 779, 782 (7th Cir. 2000); *accord Ayoubi v. Dart*, 724 F. App'x 470, 474–75 (7th Cir. 2018).

Here, Plaintiff does not challenge an express policy, widespread practice, custom, gap in policy, or that Defendant Sheriff Dart was the final policymaker to assert a *Monell* claim. To succeed on any *Monell* claim against Defendant Sheriff Dart, Plaintiff must show that such a practice demonstrates deliberate indifference to this Fourteenth Amendment rights. This is where Plaintiff fails to meet his burden. Plaintiff has not plead any facts which might lead to a conclusion that the Cook County Sheriff's Office maintained a policy or practice which was deliberately indifferent to his constitutional rights. As a result, if Plaintiff's allegations are construed as a *Monell* claim against Defendant Sheriff Dart, such a claim should be dismissed for the reasons stated above.

### III. Alternatively, Defendant Sheriff Dart asks that this Court grant his motion for a more definite statement.

A motion or a more definite statement will be granted when "the pleadings is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). The Court considers the movant's ability to prepare a responsive pleading and whether the movant would be prejudiced by attempting to answer the pleading without a more definite claims of alleged. *See UNR Industries, Inc. v. Continental Ins., Co.*, 607 F. Supp. 855, 868 (N.D. Ill. 1984). Tension exists between the lenient pleading standards of Rule 8 and the degree of specificity necessary to respond to allegations in a complaint. *See Robinson v. Midlane Club*, 1994 U.S. Dist. LEXIS 14790 (N.D. Ill. 1994).

Here, Plaintiff's Complaint has not alleged any facts against Defendant Sheriff Dart. To allow Defendant Sheriff Dart to sufficiently respond to the Complaint, Plaintiff should set forth how Defendant Sheriff Dart was personally involved in any constitutional deprivation to Plaintiff, and in what capacity he is suing Defendant Sheriff Dart. Defendant Sheriff Dart is prejudiced when preparing a response to this pleading because these facts are not currently available based on the operative Complaint. Thus, in the alternative, Defendant Sheriff Dart asks this Court to grant his motion for a more definite statement.

**<u>CONCLUSION</u>**

For the reasons stated above, Defendant Sheriff Dart requests that this Court grant his Motion to Dismiss and enter an order for the following relief: (i) dismiss Plaintiff's Complaint with prejudice, (ii) or in the alternative grant Plaintiff leave to make a more definite statement as to the allegations in his Complaint; (iii) Defendant also requests that this Court stay any responsive pleadings and discovery in this matter pending the resolution of this motion; and (iv) any other relief this Court deems necessary and just.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Krystal R. Gonzalez*
Krystal R. Gonzalez
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-8132
krystal.gonzalez@cookcountyil.gov

## <u>CERTIFICATE OF SERVICE</u>

 The undersigned attorney hereby certifies that on February 22, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

Derieon Thomas          _/s/ Krystal R. Gonzalez_
20180815131            Krystal R. Gonzalez
CHICAGO
Cook County Jail
2700 S. California Ave.
CHICAGO, IL 60608