## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DERIEON THOMAS**, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 22 C 2026 |
| | ) | |
| **TOM DART, SGT. SURANE,** | ) | Judge Steven C. Seeger |
| **SGT. PHILLIPS,** | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANT SHERIFF DART'S REPLY
## IN SUPPORT OF HIS MOTION TO DISMISS

Defendant, Thomas Dart, Sheriff of Cook County, Illinois, ("Defendant Sheriff Dart"), by and through his attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her assistant state's attorney, Krystal R. Gonzalez, pursuant to Federal Rules of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. In support of this Reply, Defendant Sheriff Dart state as follows:

## ARGUMENT

Plaintiff's response brief does not remedy the fact that Plaintiff's allegations fail to provide "enough facts to state a claim to relief that should be plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 544, 570 (2007). Therefore, this Court should dismiss Plaintiff's claim against Sheriff Dart.

First, Plaintiff fails to respond to Defendant Sheriff Dart's argument that Defendant Sheriff Dart should be dismissed and therefore he has waived any potential argument against Defendant Sheriff Dart. *Cty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted.) *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("if judges are given plausible reasons for dismissing a complaint,

they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.")

Second, Plaintiff fails to assert any facts against Defendant Sheriff Dart in his complaint and Sheriff Dart is only mentioned in the caption of the complaint. (Dkt. 7). As discussed in the motion to dismiss it is well settled law that a "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kilbort*, 143 F.3d 331, 334 (7th Cir. 1998); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Third, in the event that this Court finds Defendant Sheriff's Dart contentions pursuant to Rule 12(b)(6) unpersuasive this Court should grant Defendant Sheriff Dart's alternative motion for a more definite statement because a more definite complaint will allow Defendant Sheriff Dart to sufficiently respond to the Complaint, Plaintiff should set forth how Defendant Sheriff Dart was personally involved in any constitutional deprivation to Plaintiff, and in what capacity he is suing Defendant Sheriff Dart. Defendant Sheriff Dart is prejudiced when preparing a response to this pleading because these facts are not currently available based on the operative Complaint.

## CONCLUSION

For the reasons stated above, Defendant Sheriff Dart requests that this Court grant his Motion to Dismiss and enter an order for the following relief: (i) dismiss Plaintiff's Complaint with prejudice, (ii) or in the alternative grant Plaintiff leave to make a more definite statement as to the allegations in his Complaint; (iii) Defendant also requests that this Court stay any responsive pleadings and discovery in this matter pending the resolution of this motion; and (iv) any other relief this Court deems necessary and just.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Krystal R. Gonzalez*
Krystal R. Gonzalez
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-8132
krystal.gonzalez@cookcountyil.gov

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 18, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

Derieon Thomas                                    /s/    *Krystal R. Gonzalez*
20180815131                                       Krystal R. Gonzalez
CHICAGO
Cook County Jail
2700 S. California Ave.
CHICAGO, IL 60608