UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERIEON THOMAS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 22 C 2026 |
| | ) | |
| TOM DART, SGT. SURANE, | ) | Judge Steven C. Seeger |
| SGT. PHILLIPS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred, as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.** **Nature of the Case**

    **A.** **Attorneys for parties:**

    Plaintiff, Derieon Thomas, represents himself *pro se*.

    Counsel for Defendant Sgt. Surane: Assistant State's Attorney Krystal R. Gonzalez, Cook County State's Attorney's Office, 50 W. Washington, 5th floor, Chicago, Illinois, 60602.

    Counsels for Defendant Lt. Phillips: Zachary Stillman, and Jason DeVore, DeVore Radunsky LLC, 230 w. Monroe, Ste. 230, Chicago, Illinois, 60606.

    **B.** **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).**

    **If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. *First*, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. *Second*, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign***

*Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). **If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.**

The basis for federal jurisdiction is 28 USC §1331 Plaintiff brings his claim pursuant to 42 USC §1983.

C. **Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff's claims arise from his custody in the Cook County Department of Corrections. Plaintiff claims he experienced lack of access to running water in his cell over several days.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff alleges that he experienced lack of access to running water in his cell over several days. Defendants asserted the defenses of failure to exhaust administrative remedies, qualified immunity, no physical injury under U.S.C. § 1997e(e), and failure to mitigate.

E. **What are the principal factual issues?**

Whether Plaintiff was without access to running water for the time period alleged in his Complaint. Whether all appliances in Plaintiff's cell were functioning at the time period alleged and whether there was access to water in other areas accessible to Plaintiff. Whether Plaintiff had access to water in the dayroom. Whether Plaintiff interacted with Defendant Lt. Phillips and whether she acted in accordance with the Plaintiff's allegations in his Complaint. Whether Plaintiff interacted with Defendant Sgt. Surane and whether Defendant acted in accordance with the Plaintiff's allegations in his Complaint.

F. **What are the principal legal issues?**

Plaintiff failed to exhaust his administrative remedies with respect to Defendant Lt. Phillips. There is also an issue as to whether both Defendants were personally involved in the underlying alleged constitutional violation to Plaintiff and whether Defendants' conduct was objectively reasonable given the circumstances.

G. **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

Plaintiff is seeking compensatory damages, nominal damages, and punitive damages. (Dkt. 7 p. 6). Plaintiff did not quantify the damages he is seeking in his complaint. *Id*.

    **H.**    **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

All Defendants named in Plaintiff's Complaint (Dkt. 7) have been served, there are no nominal Defendants.

**II.**    **Discovery**

    **A.**    **Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.** *Fill in the blanks, below.*

    **Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.**

The parties met and conferred on September 21, 2023, via Zoom videoconference to discuss the below discovery schedule. The parties agreed to the below schedule and hereby jointly submit it to the court for approval and entry:

| Event | Deadline |
|---|---|
| Amendment to the pleadings | October 23, 2023 |
| Service of process on any "John Does" | October 23, 2023 |
| Completion of Fact Discovery | January 31, 2024, pursuant to the Court's September 1, 2023, Order (Dkt. 42) |
| Disclosure of Plaintiff's Expert Report(s) | The parties request to revisit this portion of the discovery schedule pending the resolution of any Motion for Summary Judgment |
| Deposition of Plaintiff's Expert | The parties request to revisit this portion of the discovery schedule pending the resolution of any Motion for Summary Judgment |
| Disclosure of Defendant's Expert Report(s) | The parties request to revisit this portion of the discovery schedule pending the resolution of any Motion for Summary Judgment |

|  |  |
|---|---|
| Deposition of Defendant's Expert | The parties request to revisit this portion of the discovery schedule pending the resolution of any Motion for Summary Judgment |
| Dispositive Motions | March 31, 2024 |

    **B.    How many depositions do the parties expect to take?**

    Defendants will take Plaintiff's deposition.

    **C.    Do the parties foresee any special issues during discovery?**

    Defendants Sgt. Surane and Lt. Phillips respectfully request leave of court to take the deposition of Plaintiff, Derieon Thomas, who is currently in custody at the Cook County Department of Corrections.

    Defendant Sgt. Surane intends to take Plaintiff's deposition and issue written discovery, including but not limited to interrogatories, requests for production, and requests to admit. Defendant Sgt. Surane does not foresee any special issues during discovery at this time.

    Defendant Lt. Phillips intends to take Plaintiff's deposition and issue written discovery including but not limited to interrogatories, requests for production, and requests to admit. Defendant Lt. Phillips does not foresee any special issues during discovery at this time.

    **D.    Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

    **If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.**

    The parties met and conferred pursuant to Fed. Civ. P. R. 26(f) on September 21, 2023, via Zoom. The parties agreed to the above discovery schedule and hereby request approval from the Court for entry thereof.

**III.    <u>Trial</u>**

    **A.    Have any of the parties demanded a jury trial?**

        Defendants Sgt. Surane and Lt. Phillips demanded a jury trial in their filed Answers and Affirmative Defenses (Dkt. 31).

        Plaintiff demands a jury trial.

    **B.**    **Estimate the length of trial.**

        The parties request to revisit this portion of the discovery schedule pending the resolution of any Motion for Summary Judgment and subject to any court scheduling order.

**IV.**    **Settlement, Referrals, and Consent**

    **A.**    **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

        On September 21, 2022, the parties had settlement discussions, but they did not reach a settlement agreement. Plaintiff has not made a written settlement demand.

    **B.**    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

        The parties do not request a settlement conference at this time.

    **C.**    **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

        Defendant Sgt. Surane does not consent to the assignment of a Magistrate Judge for all purposes of this case.

        Defendant Lt. Phillips does not consent to the assignment of a Magistrate judge for all purposes in this case.

        Plaintiff does consent to the assignment of a Magistrate judge for all purposes in this case.

**V.**    **Other**

    **A.**    **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

        Plaintiff may retain counsel for representation in this case.

**B.     Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)**

Defendants Sgt. Surane and Lt. Phillips respectfully request leave of court to take the deposition of Plaintiff, Derieon Thomas, who is currently in custody at the Cook County Department of Corrections.

Respectfully submitted,

| | |
|---|---|
| */s/ Derieon Thomas* | KIMBERLY M. FOXX |
| Derieon Thomas, Plaintiff, *pro se* | State's Attorney of Cook County |
| | |
| */s/ Zachary Stillman* | By: */s/ Krystal R. Gonzalez* |
| Zachary Stillman | Krystal R. Gonzalez |
| Devore Radunksy LLC | Assistant State's Attorney |
| 230 W. Monroe, Ste. 230 | 500 Richard J. Daley Center |
| Chicago, Illinois, 60606 | Chicago, Illinois 60602 |
| (312)-300-4485 | (312)-603-8132 |
| *Counsel for Defendant Lt. Phillips* | *Counsel for Defendant Sgt. Surane* |

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on September 21, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

| | |
|---|---|
| Derieon Thomas | */s/ Krystal R. Gonzalez* |
| 20180815131 | Krystal R. Gonzalez |
| CHICAGO | |
| Cook County Jail | |
| 2700 S. California Ave. | |
| CHICAGO, IL 60608 | |