UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERIEON THOMAS, (20180815131) | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22 CV 2026 |
| vs. | ) ) | Judge Steven C. Seeger |
| SGT. SURANE AND LT. PHILLPS, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Sgt. Surane, ("Defendant"), by his attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Krystal Gonzalez, answers Plaintiff's First Amended Complaint (Dkt. 49) and provides affirmative defenses as follows:

1. I am a Pre-trial detainee at "Cook County Jail" and was at all times "Relevant" was Pre-trial detainee at "Cook County Jail" Chicago, IL.

**ANSWER: Defendant admits the allegation in paragraph 1.**

2. These claims stem from a time the plaintiff was in "custody" of "Sheriff Dart" at the Cook County Jail with pending criminal charges. On 02/27/2022 I was housed in Division 9 1G cell 1088, the cell I was in did not have properly running water. On the first night I was housed in that cell Lt. Phillips came to me cell because I refused to give the dinner tray back to the C.O.'s because my water did not work. At that time I notified Lt. Phillips about my water situation and she stated to me "I'll put a work order in." I did not have any drinking water until the next day when the plumber came to fix another cell plumbing problem, I then convinced him to fix mines.

1

Within the same hour the plumber left the water was back not working. The plumber came again on 03/01/2022 and tried to fix my sink again but it still did not work when he left. Between the date of 03/01/2022 and 03/03/2022 I notified Lt. Phillips about the continuous issue and she stated to me "I'll put another work order in." On 03/04/2022 I had court via zoom I talked with Sgt. Surane about my living condition and asked "can I be move to a cell with running water." He stated to me "since you toilet works you can not be moved." I continuously told first, second, and third shift correctional officers about my living and asked the C.O.'s can I come out to have a drink of water due to the fact my sink wasn't working and I was extremely dehydrated. But they still denied me [illegible] stated "you can only come out your cell for your day room hours." (let it be noted I.I.C. only came out came out once a day for a hour while being housed in R.V). On 03/04/2022 around 9:32pm C.O. Guzman and C.O. Roman let me and my cell mate out to fill plastic from our lunch/breakfast trays with water to drink while we're in the cell. Which is inhumane and unsanitary. Do to their unprofessionalism they did not want to do the proper procedure and move us to another cell they continuously filled plastic with water on different occasion between 03/04/2022 and 03/10/2022. Other C.O's state to me "this what happen to people who come to the hole."

  **ANSWER: Several of the allegations of paragraph 2 are not directed toward Defendant. Insofar as an answer is required, Defendant only admits that on February 27, 2022, Plaintiff was housed in Division 09 1G cell 1088. Defendant denies the remaining allegations of paragraph 2.**

3. Head Sheriff Thomas J. Dart is responsible for C.C.D.O.C Facility Management and Facility Management is responsible for repairing any issues founded in C.C.D.O.C (plumbing).

**ANSWER: This allegation is not directed toward Defendant. Insofar as an answer is required, Defendant denies the allegations of paragraph 3.**

4. John Mueller was notified about my living conditions and my suffering due to not having any running water for a period of time. While in my cell something that amounted to punishment towards me and still didn't take the issue serious because he denied my Grievance Appeal without taken in mind this issue was a serious matter but still knowly disregarded my rights.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 4, and therefore denies.**

5. Thomas J. Dart, County of Cook, C.C.D.O.C facility management failed in the duty to properly train and supervise there employees, specifically Sgt. Surane, Lt. Phillips, C.O. Guzman, C.O. Roman and John Mueller to not violate Cook County residents due process right by housing them in "condemn cells".

**ANSWER: Defendant denies the allegations of paragraph 5.**

6. Thomas J. Dart, County of Cook, C.C.D.O.C Facility Management failed to adequately train and supervise C.C employees by them not handling the issue the way that they suppose to bean trained to do.

3

**ANSWER: Defendant denies the allegations of paragraph 6.**

7.Thomas J. Dart, County of Cook, C.C.D.O.C facility management Sgt. Surane, Lt. Phillips, C.O. Roman, C.O. Guzman and John Mueller has a custom policy or practice that is so widespread and on going that it violated the plaintiff rights and other Cook County residents rights.

**ANSWER: Defendant denies the allegations of paragraph 7.**

8.Thomas J. Dart, County of Cook, C.C.D.O.C facility management Sgt. Surane, Lt. Phillips, C.O. Guzman, C.O. Roman and John Mueller are doing the opposite of what the constitution guarantee.

**ANSWER: Defendant denies the allegations of paragraph 8.**

**Relief:**

I will like the courts to grant Plaintiff Derieon Thomas compensatory damages in the amount this court deems proper against each defendant, jointly and severelly. Plaintiff seeks Nominal Damages and Punitive Damages in the amount this court deems proper against each defendant, jointly and severally.

**ANSWER: Defendant makes no answer to this paragraph as it is a prayer for relief and makes no allegations.**

It is therefore respectfully requested that the Court grant appropriate compensatory damages, fashion appropriate prospective relief for plaintiff, and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

**ANSWER: Defendant makes no answer to this paragraph as it is a prayer for relief and makes no allegations.**

## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative defenses. Defendant reserves the right to assert additional affirmative defenses.

### I. Prison Litigation Reform Act: Physical Injury requirement

1. Under the PLRA, a person confined in jail cannot file a federal civil action for mental or emotional injury suffered during custody "without a prior showing of physical injury." 42 U.S.C. §1997e(e). A plaintiff cannot bring suit without a physical injury greater than de minimis. 42 U.S.C. §1997e(e),(h). Without a showing of physical injury, a detainee cannot bring an action for damages. *Zehner v. Trigg*, 133 F. 3d 459, 461 (7th Cir. 1997). Plaintiff has no physical injury under the PLRA. As such, Plaintiff is not entitled to any compensatory damages for alleged emotional or mental injury.

### II. Failure to Mitigate

2. Without waiving Defendant's denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, 2009 U.S. Dist. LEXIS 15792, *23–24, 2009 WL 528307 (N.D. Ill. Feb. 25, 2009). Without waiving Defendant's denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced for his failure to mitigate.

### III. Qualified Immunity

3. Defendant did not violate Plaintiff's clearly established constitutional or federally

protected rights, so Defendant is entitled to qualified immunity.

## IV. Exhaustion of Remedies

4. Under Section 1997e(a) of the Prisoner Litigation Reform Act (the "PLRA"), Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

5. According to the Rules and Regulations of the Cook County Jail, also identified in the Inmate Handbook, inmates must follow the grievance procedure to exhaust administrative remedies.

6. Plaintiff has not exhausted his administrative remedies as the PLRA requires. *See. Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant, Sgt. Surane, denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of Plaintiff's Complaint and further request that this Honorable Court grant judgment of the Defendant's fees, costs and such other relief that this Court deems just and appropriate.

    Respectfully Submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

By:   */s/ Krystal Gonzalez*
    Krystal Gonzalez
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-8132
    krystal.gonzalez@cookcountysao.org

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

Derieon Thomas                                            */s/ Krystal R. Gonzalez*
20180815131                                               Krystal R. Gonzalez
Cook County Jail
2700 S. California Ave.
Chicago, IL 60608