UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DERIEON THOMAS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 C 2026 |
| | ) | |
| **TOM DART, SGT. SURANE,** | ) | Judge Steven C. Seeger |
| **SGT. PHILLIPS,** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT JAMIE PHILLIPS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COMES Defendant Lieutenant Jamie Phillips ("Defendant"), by her attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for her Answer to Plaintiff's First Amended Complaint, states as follows:

1. I am a pre-trail detainee at "Cook County Jail" and was at all times "relevant" was a pre-trail detainee at "Cook County Jail" Chicago, IL.

**Answer: Defendant admits the allegations in paragraph 1.**

2. These claims stem from a time the Plaintiff was in "custody" of "Sheriff Dart" at the Cook County Jail with pending criminal charges.

**Answer: Defendant admits the allegations in paragraph 2.**

3. On 02/27/2022, I was housed in Division 91G Cell 1088, the cell I was in did not have properly running water.

**Answer: Defendant admits the allegations in paragraph 3.**

4. On the first night I was housed in that cell, Lt. Phillips came to my cell because I refused to give the dinner tray back to the CO's because my water did not work.

**Answer: Defendant denies the allegations in paragraph 4.**

5. At that time, I notified Lt. Phillips about my water situation and she stated to me, "I'll put a work order in."

**Answer: Defendant admits the allegations in paragraph 5.**

6. I did not have any drinking water until the next day when the plumber came to fix another cell's plumbing problem

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 6, and therefore denies.**

7. I then convinced him to fix mine.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 7, and therefore denies.**

8. Within the same hour the plumber left the water was back not working.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 8, and therefore denies.**

9. The plumber came again on 03/01/2022 and tried to fix my sink again, but it still did not work when he left.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 9, and therefore denies.**

10. Between the date of 03/01/2022 and 03/03/2022 I notified Lt. Phillips about the continuous issue and she stated to me, "I'll put another work order in."

**Answer: Defendant admits the allegations in paragraph 10.**

11. On 03/04/2022 I had court via Zoom I talked with Sgt. Surane about my living condition and asked, "Can I be moved to a cell with running water."

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 11, and therefore denies.**

12. He stated to me, "Since your toilet works, you cannot be moved."

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 12, and therefore denies.**

13. I continuously told first, second, and third shift correctional officers about my living condition and asked the CO's can I come out to have a drink of water due to the fact my sink wasn't working and I was extremely dehydrated.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 13, and therefore denies.**

14. But they still denied me and stated, "You can only come out your cell for your day room hours." (Let it be noted I.I.C only come out once a day for a hour while being housed in R.U)

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 14, and therefore denies.**

15. On 03/04/2022 around 9:32 PM, CO Guzman and CO Roman let me and my cellmate out to fill plastic bags from our lunch/breakfast trays with water to drink while we're in the cell.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 15, and therefore denies.**

16. Which is inhumane and unsanitary.

**Answer: Defendant has insufficient information to admit or deny the allegations in paragraph 16, and therefore denies.**

17. Due to their unprofessionalism they did not want to do the proper procedure and

move us to another cell *[Cut off]*

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 17, and therefore denies.**

18. *[Cut off]* continuously filled plastic with water on different occasions between 03/04/2022 and 03/10/2022.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 18, and therefore denies.**

19. Other COs stated to me, "This what happen to people who come to the hole."

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 19, and therefore denies.**

20. Head Sheriff Thomas J. Dart is responsible for C.C.D.O.C Facility Management and Facility Management is responsible for repairing any issues founded in C.C.D.O.C (Plumbing).

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 20, and therefore denies.**

21. John Mueller was notified about my living conditions and my suffering due to not having any running water for a period of time.

**Answer: Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 21, and therefore denies.**

22. While my cell something that amounted to punishment towards me and still didn't take the issue serious because he denied my Grievance Appeal without taken [sic] in mind this issue was a serious matter but still knowly [sic] disregarded my rights.

**Answer: Defendant lacks knowledge or information sufficient to form a belief**

**regarding the remaining allegations in paragraph 22, and therefore denies.**

23. Thomas J. Dart, County of Cook, C.C.D.O.C facility management failed in the duty to properly train and supervise there [sic] employees, specifically Sgt. Surane, Lt. Phillips, CO Guzman, CO Roman, and John Mueller to not violate Cook County Residents due process rights by housing them in "condemn cells."

**Answer: Defendant denies the allegations in paragraph 24.**

24. Thomas J. Dart, County of Cook, C.C.D.O.C facility management failed to adequately train and supervise C.C employees by them not handling the issue the way that they suppose to been trained to do.

**Answer: Defendant denies the allegations in paragraph 24.**

25. Thomas J. Dart, County of Cook, C.C.D.O.C facility management, Sgt. Surane, Lt. Phillips, CO Roman, CO Guzman, and John Mueller has a custom policy or practice that is so wide spread and on going that it violated the plaintiff rights and other Cook County Residents Rights.

**Answer: Defendant denies the allegations in paragraph 25.**

26. Thomas J. Dart, County of Cook, C.C.D.O.C facility management, Sgt. Surane, Lt. Phillips, CO Roman, CO Guzman, and John Mueller are doing the opposite of what the Constitution Guarantee.

**Answer: Defendant denies the allegations in paragraph 26.**

WHEREFORE, Defendant LIEUTENANT JAMIE PHILLIPS, respectfully requests that this court dismiss this lawsuit and/or grant judgment in her favor and against Plaintiff and for costs of suit herein incurred, reasonable attorneys' fees, and any further relief this Court deems just.

**AFFIRMATIVE DEFENSES**

1. **Prison Litigation Reform Act ("PLRA"): Physical Injury Requirement**

   Under the PLRA, a person confined in jail cannot file a federal civil action for mental or emotional injury suffered during custody "without a prior showing of physical injury." 42 U.S.C. §1997e(e). A plaintiff cannot bring suit without a physical injury greater than de minimis. 42 U.S.C. §1997e(e),(h). Without a showing of physical injury, a detainee cannot bring an action for damages. *Zehner v. Trigg*, 133 F. 3d 459, 461 (7th Cir. 1997). Plaintiff has no physical Injury under the PLRA. As such, Plaintiff is not entitled to any compensatory damages for alleged emotional or mental injury.

2. **PLRA: Exhaustion of Administrative Remedies**

   To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Defendant is not liable for damages therefrom. 42 U.S.C. § 1997e(a).

3. **Qualified Immunity**

   Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

4. **Failure to Mitigate**

5. Without waiving Defendant's denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, 2009 U.S. Dist. LEXIS 15792, *23–24, 2009 WL 528307 (N.D. Ill. Feb. 25, 2009). Without waiving Defendant's denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the

extent Plaintiff failed to act reasonably to mitigate his damages. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced for his failure to mitigate. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

6. **Immunity from Punitive Damages**

    To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent Defendants are named in their official capacities, Defendants are immune from having to pay punitive damages to Plaintiff.

7. **Illinois Local Tort Immunity Act: 2-204**

    To the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

8. Defendant reserves her rights to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

 

    Respectfully submitted,

    */s/ Troy S. Radunsky*
    One of the Attorneys for Defendants

## CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, and the foregoing was mailed via U.S. Mail to the Plaintiff to his address of record.

**Derieon Thomas**
20180815131
Cook County Jail
2700 S. California Ave.
Chicago, IL 60608

                                                                */s/Zachary Stillman*_____
                                                                Zachary Stillman